```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


PAUL WAYNE HOBBS,                 )
                                  )
     Plaintiff,                   )
                                  )
vs.                               )    NO. 2:04-CV-356
                                  )        (2:02-CR-33)
UNITED STATES OF AMERICA,         )
                                  )
     Defendant.                   )
```

## OPINION AND ORDER

This matter is before the Court on the (1) Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody; and (2) Motion for Evidentiary Hearing, both filed by Petitioner on August 26, 2004.  For the reasons set forth below, the section 2255 motion is **DENIED**.  The Motion for Evidentiary Hearing is also **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **with prejudice**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 06872-027), at the Federal Correctional Institution, P.O. Box 33, in Terre Haute, Indiana 47808, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

Pro se petitioner, Paul Hobbs, pleaded guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. section 922(j). Petitioner's plea agreement contains two waivers, stating Hobbs "expressly waive[s] [his] right to appeal [his] sentence on any ground." (Pet. to Enter a Plea of Guilty, filed May 20, 2002, ¶ 9(i)). And that, except for the assistance of counsel, he is "waiving all of the rights set forth in the prior paragraph" including "the right to appeal [his] conviction." *Id.* at ¶¶ 8, 7(f).

Petitioner's change of plea hearing took place on May 21, 2002. In exchange for his guilty plea, the Government: (1) filed a motion to dismiss pending charges against Hobbs in another case (No. 01-CR-152); (2) recommended that Hobbs receive the maximum reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1; and (3) recommended that Hobbs be admitted to a substance abuse treatment program while being housed in the Bureau of Prisons.

On May 31, 2002, this Court sentenced Hobbs to 115 months of imprisonment, to be followed by a 2-year term of supervised release. This Court dismissed the charges in case number 01-CR-152, which included a count charging Hobbs with possession of a firearm by a felon in violation of 18 U.S.C. section 922(g)(1), and mandated a sentence under the Armed Career Criminal Statute, Title 18, United States Code, section 924(e)(1), of 15 years to life.

Unbeknownst to the Court, Hobbs filed a pro se request for a mental examination on May 31, 2002.[1]  This Court held a hearing on Hobbs' motion for mental examination on June 14, 2002, at which Hobbs requested a new attorney and stated for the first time that he did not want to be sentenced pursuant to the plea agreement.  (June 14, 2002 Tr. at 4.)  The Court indicated that it would consider whether it had jurisdiction to set aside the plea agreement, and whether it could preside over Hobbs' request for new counsel.  (*Id.* at 8.)  During the hearing, Hobbs' trial counsel indicated his concern that because Hobbs had already filed a notice of appeal with the Seventh Circuit, the district court may lack jurisdiction.  (*Id.* at 6.) The Court took this matter under consideration, and on July 16, 2002, entered an order finding that the Court had no jurisdiction over Hobbs' motion to substitute counsel because the Seventh Circuit had already appointed Hobbs new counsel.

Hobbs filed a notice of appeal of the sentencing order with the Seventh Circuit on June 6, 2002, but his appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he could not discern any non-frivolous issue for appeal.  In an unpublished order, the Seventh Circuit found that Hobbs' appeal waiver was valid, and that any potential appeal of his sentence would

---

[1] The docket reflects that the request for a mental examination was filed under the case number of Hobbs' original indictment (Case No. 01-CR-152).  Hobbs admits he did not bring the motion to the Court's attention during the sentencing hearing.  (June 14, 2002 Tr. at 1-4.)

-3-

be frivolous.  *See United States v. Hobbs*, Nos. 02-2491 & 02-4163, slip op. (7th Cir. Jan. 10, 2003) (hereinafter "Seventh Circuit slip op.").  Therefore, the Seventh Circuit granted appellate counsel's motion to withdraw and dismissed Hobbs' appeal.  Hobbs filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 15, 2003.

On August 26, 2004, Hobbs timely filed the instant 2255 petition, along with a memorandum in support, exhibits, and a supporting affidavit. Hobbs alleges four grounds of constitutionally ineffective assistance of counsel:  (1) his trial and appellate counsel were ineffective because Hobbs did not enter his guilty plea knowingly and voluntarily; (2) his trial and appellate counsel were ineffective because they failed to call the Court's attention to double counting Hobbs' charge under U.S.S.G. 2k2.1(b)(4); (3) trial counsel failed to investigate a possible intoxication defense; and (4) appellate counsel's *Anders* brief was deficient.  Additionally, Hobbs requests an evidentiary hearing.

The Government filed a response to the motion on February 7, 2005, arguing that the record reflects Hobbs' plea was voluntary, and urging the Court to reject the claims of ineffective assistance of counsel.  Hobbs filed a reply on April 4, 2005.

DISCUSSION

Relief under 28 U.S.C. section 2255 is reserved for

-4-

"extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal.  *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313.  Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice.  *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the

well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

Whether Hobbs' Plea Was Voluntary

Hobbs claims that his plea was involuntary because his trial and appellate counsel were ineffective, he suffered from mental illness and alcohol and drug withdrawal, he did not understand the information at the plea hearing or understand the consequences, and he was coerced by his attorney to plead guilty. Because his claim raises the possibility that his plea was not voluntary, Hobbs could pursue this claim despite the waiver provisions in his plea agreement. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (citing *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999)). The Seventh Circuit has already addressed this issue, in response to the *Anders* brief, and found that "[t]he record establishes that Mr. Hobbs entered into the guilty plea knowingly and voluntarily," and that the "district court carefully followed the requirements of Rule 11, explaining the nature of the charge, the possible penalties, and the various rights that Mr. Hobbs would waive by pleading guilty." Seventh Circuit slip op. at 2-3.

Additionally, Hobbs' claims are flatly contradicted by his testimony at the change of plea hearing. "Because of the great weight we place on these in-court statements, we credit them over [Petitioner's] later claims." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999); *see also United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002) (noting that "a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary");

-7-

*United States v. Mosley*, No. 93-1829, 1994 WL 503016, at *2-*3 (7th Cir. Sept. 14, 1991) ("Self-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing — the latter are presumed true."); *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987) ("[V]oluntary responses made by a defendant under oath before an examining judge [are] binding."); *see also* additional cases cited by the Government at pages 6-7 of its response.

In the instant case, at the sentencing hearing, Hobbs testified that there was no reason he could not proceed with the hearing, and that he was not under the influence of any drug or alcohol. (May 21, 2002 Tr. at 8.) Hobbs stated that he was fully satisfied with his counsel, and that he wished to plead guilty "[b]ecause I'm guilty." (*Id*. at 8, 14.) Hobbs admitted that he "got caught with a gun," and that he knew it was stolen. (*Id*. at 14-16.) Further, the following colloquy occurred:

> Court:       Are you doing this knowingly and voluntarily?
> Defendant:   Yes, sir.
> Court:       Anybody force you to do this?
> Defendant:   No, sir.
> Court:       Are you asking me to approve it as part of your Plea Agreement?
> Defendant:   If you would, sir.

(*Id.* at 17.) The Court went through the elements of the offense, and Hobbs answered the Court's questions, repeatedly stating that he understood the role of the guidelines, the charges against him, and the possible disposition of his case. Further, Hobbs stated that no

-8-

one had made him any promises or assurances to induce him to enter the plea of guilty, nor did anyone try to force him to plead guilty. (*Id.* at 32-33). Hobbs' statements during the change of plea hearing are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). Based upon the clear statements Hobbs made during the change of plea hearing, this Court finds that Hobbs voluntarily and knowingly entered into his guilty plea.

To the extent Hobbs claims that his counsel was ineffective because Hobbs received more time than he hoped for, and that his counsel advised his family not to attend the sentencing hearing, Hobbs' arguments fail.

> A defendant who desires to withdraw his plea because counsel rendered ineffective assistance must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that but for counsel's unprofessional errors, the result . . . would have been different.

*United States v. Gwiazdzinski*, 141 F.3d 784, 790 (7th Cir. 1998) (citation omitted). Here, Hobbs cannot demonstrate prejudice. As the Seventh Circuit recognized, "withdrawing the plea could result in Mr. Hobbs receiving a greatly increased sentence if the government revived the charge in case no. 01-CR-152 and sought to sentence him as an armed career criminal." Seventh Circuit slip op. at 2. The Court decided not to impose an upward departure, even though it felt there was a basis to do so, because the Court believed the plea agreement was fair as it enabled Hobbs to avoid an armed career criminal

-9-

enhancement which would have made his range 15 years to life. (May 31, 2002 Tr. at 11-12.) This Court told Hobbs at the sentencing hearing that "you've caught a big break. You may not realize how big it is from the Court and from your counsel and from the government in this case." (*Id.* at 17.) Later, the Court referred to Hobbs getting "a sweetheart deal." (June 14, 2002 Tr. at 7.) This Court agrees with the Government that Hobbs cannot show that, but for his counsel's alleged ineffectiveness, he would have received a lesser sentence.

Alleged Guideline Misapplication

Hobbs argues that his trial and appellate counsel were ineffective because they failed to call the Court's attention to double counting Hobbs' charge under U.S.S.G. 2k2.1(b)(4). Hobbs' attacks on the performance of his trial and appellate counsel are barred by the waivers in his plea agreement. *See* Pet. to Enter a Plea of Guilty, filed May 20, 2002, ¶ 9(i) (Hobbs "expressly waive[d] [his] right to appeal [his] sentence on any ground.").

As indicated above, waivers of the right to pursue appellate and collateral relief are enforceable if: (1) they are knowingly and voluntarily entered into; and (2) they are not the product of constitutionally ineffective assistance of counsel during their negotiation. *Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1144-45. Hobbs' ineffective assistance of counsel claim "relates only to his attorney's performance with respect to sentencing." *Mason*, 211 F.3d

-10-

at 1069. Because his "challenge has nothing to do with the issue of a deficient negotiation of the waiver, [Hobbs] has waived his right to seek post-conviction relief" in a section 2255 motion. *Id.* Moreover, the Seventh Circuit found that the "sentence was within the guidelines and nothing in the record suggests the district court relied on impermissible factors." Seventh Circuit slip op. at 3.

### Alleged Failure to Investigate a Possible Intoxication Defense

Hobbs claims that he had a viable defense of voluntary intoxication, but his trial counsel failed to investigate the surrounding circumstances and failed to present the defense to the Court. As with his earlier argument, this was waived in his plea agreement waiver. *Mason*, 211 F.3d at 1069. Further, the Seventh Circuit found no evidence of inadequate performance by Hobbs' trial counsel, noting that "Hobbs' trial counsel explained to the judge at the sentencing hearing that he had considered these possibilities [of a downward departure based upon diminished capacity at the time of the offense] and had decided that there were no viable theories on which to seek a downward departure." Seventh Circuit slip op. at 2.

### Anders Brief

Lastly, Hobbs claims that his appellate counsel provided ineffective assistance of counsel because his *Anders* brief was deficient. Hobbs claims that he requested additional arguments be

-11-

presented in the *Anders* brief. Once again, this argument is precluded by the waiver provision in his plea agreement. Moreover, the Seventh Circuit found that counsel's *Anders* brief was "facially adequate," and, having reviewed the brief, this Court agrees. Seventh Circuit slip op. at 2.

Evidentiary Hearing

Hobbs filed a motion requesting an evidentiary hearing. An evidentiary hearing need not be held for every section 2255 motion. *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). "No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted). Because of his or her familiarity with the evidence presented at trial, the presiding judge is uniquely suited to determine whether a hearing on a section 2255 motion is necessary. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

Hobbs has failed to offer the Court any objective facts outside the record that would warrant an evidentiary hearing. Moreover, in light of the waiver provisions in Hobbs' plea agreement, the Court has concluded that the record and history of this case demonstrate that Hobbs is not entitled to relief. Therefore, an evidentiary hearing

is not warranted.  *See Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir. 2004) (holding district court did not abuse its discretion in denying evidentiary hearing where defendant was not entitled to 2255 relief, and given lack of additional evidence from defendant); *see also United States v. Roth*, 860 F.2d 1382, 1387 (7th Cir. 1998) (explaining that "[a] judge is entitled to hold a defendant to statements made in open court and need not give him a hearing so that he may readily contradict himself.").

CONCLUSION

For the reasons set forth above, the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is **DENIED**.  The Motion for Evidentiary Hearing is also **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **with prejudice**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 06872-027), at the Federal Correctional Institution, P.O. Box 33, in Terre Haute, Indiana 47808, or to such other more current address that may be on file for the Petitioner.

**DATED:  August 8, 2005**          S/RUDY LOZANO, Judge
                                     United States District Court